IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SAMUEL WYSE,<br><br>Plaintiff,<br>v.<br><br>JENNIFER GRANHOLM, as Secretary of the Department of Energy,<br><br>Defendant. | Civil Action No.:<br><br>1:22-cv-02561-JPB-CMS |

**<u>PLAINTIFF'S OBJECTION TO FINAL REPORT<br>AND RECOMMENDATION</u>**

COMES NOW Plaintiff Samuel Wyse (hereinafter, "Plaintiff" or "Wyse"), by and through the undersigned counsel, and files his objection to the Final Report and Recommendation (Doc. 15) pursuant to Fed. R. Civ. P. 72(b)(2) and the Court's Order for Service of Report and Recommendation (Doc. 16), as extended through an Order of this Court on April 19, 2023,[1] respectfully showing the Court as follows:

Plaintiff does not wish to object to the portion of the Final Report and Recommendation concluding that "[t]ransfer is more appropriate than dismissal in this case because dismissal might result in Wyse's claims being time-barred." (Doc.

---

[1] The undersigned appreciates the Court's understanding when it granted Plaintiff additional time for the reasons the undersigned raised in Plaintiff's Motion for Extension. (*See* Doc. 17, ¶¶ 3-4.)

1

15 at 14 (citing *Pritchett v. Paschall Truck Lines, Inc.*, 714 F. Supp. 2d 1171, 1175 (M.D. Ala. 2010)).) Accordingly, Plaintiff requests that this portion of the Final Report and Recommendation be adopted by the Court. However, Plaintiff respectfully objects to the portion of Final Report and Recommendation concerning the issue of venue for the reasons that follow.

## I.     BACKGROUND

Mr. Wyse is a retiree and a former employee of the Department of Energy (hereinafter, "Department"). Prior to Mr. Wyse's retirement, he was subjected to harassment based on race, color, and national origin by his immediate supervisor, resulting in his filing of an equal employment opportunity ("EEO") complaint with the Department. (Doc. 1, ¶¶ 8-24.) Mr. Wyse and the Department ultimately entered into a settlement agreement resolving these claims, in which Mr. Wyse agreed, in pertinent part, to retire. (*Id.*, ¶ 25.) While Mr. Wyse previously been based out of Defendant's Savannah River Operations Office, located in Aiken South Carolina, he had entered into a Flexible Work Agreement with Defendant prior to his retirement, which permitted him to work remotely out of his Stockbridge, Georgia home. (*Id.*, ¶ 9.) Mr. Wyse alleges that, after his retirement, the same supervisor who had previously subjected Mr. Wyse to harassment made changes to his time and attendance records that caused the Department to seek to collect debts from him.

2

(*Id.*, ¶¶ 26-49.)  Accordingly, but for the discrimination and retaliation underlying both this case and Mr. Wyse's original complaint, he would have been working remotely out of this judicial district.

Defendant filed a Motion to Dismiss or, in the Alternative, to Transfer Venue, arguing that venue is not proper in this Court because the alleged Title VII violations were committed in South Carolina, and that Mr. Wyse's residence should be of no consequence to the applicable venue provision. (Doc. 12.) It should be noted that Mr. Wyse had not alleged that either his residence, or where he felt the impact of Title VII violations, was the basis for this Court's venue. (*See* Doc. 1, ¶¶ 2, 9.) In his Brief in Opposition to the Motion, Mr. Wyse acknowledged that neither Defendant's principal office, nor Mr. Wyse's employment records, were located within this judicial district. (Doc. 13 at 4.)  Rather, that Mr. Wyse's home office, or where he would have worked but for the discrimination, was the appropriate venue, and that federal courts had agreed with this principle regarding remote work. (*Id.*)  Defendant subsequently filed its Reply in Support of its Motion, in which it argued that the fact that Mr. Wyse was teleworking has no bearing on venue since he had retired. (Doc. 14 at 2-3.) However, Defendant failed to cite to any authority in support of this proposition. (*Id.*)  Defendant did provide authority reflecting that any effects of the discrimination that Mr. Wyse felt at his residence are not relevant considerations for

3

venue (*id.* at 3); however, again, Mr. Wyse's residence was not intended to form the basis of his allegations concerning venue.

The Final Report and Recommendation recommends that the Court refrain from dismissing this action, instead transfer the matter to United States District Court for the District of South Carolina. (Doc. 15 at 14-15.) It reasoned that the employment practices alleged and Mr. Wyse's records were all in South Carolina, but finds that Mr. Wyse's teleworking arrangement is of no consequence because he was retired, and that where the discrimination was felt is irrelevant. (*Id.* at 12-13.) The Final Report and Recommendation further rejects Mr. Wyse's argument that he would have been working in this District but for the alleged discrimination because they occurred after Mr. Wyse's retirement. (*Id.* at 13.) The Final Report and Recommendation concludes that Mr. Wyse failed to show that venue is proper in this Court. (*Id.*)

## II.  ARGUMENT AND CITATION OF AUTHORITY

The Final Report and Recommendation erred in finding that Mr. Wyse failed to establish that venue is proper in this Court. (Doc. 15 at 13.) For the reasons that follow, the Court should conclude that Mr. Wyse indeed established that venue is proper in this District. Moreover, the Court should further find that, as a result of Mr. Wyse's decision to bring this action in this Court, as well as other equitable

4

considerations described herein, the Court should exercise its discretion by not transferring this action pursuant to 28 U.S.C. § 1404(a).

### A.     Plaintiff Established that Venue is Proper Before this Court.

The Final Report and Recommendation's finding that Mr. Wyse would not have worked in this District but for the discrimination because he was retired led to the erroneous conclusion that Mr. Wyse failed to establish venue.  Critically, this conclusion fails to account that Mr. Wyse has alleged that the discrimination and retaliation claims at issue are a part of the same pattern of conduct for which Defendant subjected him to during his employment and as early as 2009, and essentially forms the same common nucleus of operative fact. (*See* Doc. 1, ¶¶ 8-25.) This was the same pattern of conduct that continued after Mr. Wyse agreed to retire as a part of the resolution of his initial Equal Employment Opportunity ("EEO") Complaint, which led to the instant litigation. (*See id.*, ¶¶ 26-49.) As a result, the Final Report and Recommendation should have found that Mr. Wyse alleged that this is the District in which Mr. Wyse would have worked but for the discrimination at issue in this case.

The conclusion that the location in which "the allegedly unlawful employment practices were committed, not where the effects were felt" (*see* Doc. 15 at 12) was also erroneous.  While Plaintiff does not take issue with that statement of law,

Plaintiff's venue allegations were intended to be based on where Plaintiff was working, but not necessarily his residence. (*See* Doc. 13 at 2-3.) As a result, that finding should not have been included in the recommendation.

Indeed, as was acknowledged in the initial briefing (*see* Doc. 13 at 3), it would appear that there is very little, if any, binding authorities on the issues relevant to the instant Motion. It was erroneous to conclude that "[t]he fact that Plaintiff may have teleworked from Georgia during his employment with the [Defendant] has no bearing on venue for claims that are based on post-retirement events." (Doc. 15 at 12.) While that conclusion was not supported by authority, Plaintiff does not mean to suggest that the lack of citation, itself, is the error. Instead, Plaintiff objects to this finding to the extent that, after diligent research, this conclusion does not appear to be supported or even addressed by any binding authority. For the same reason, Plaintiff objects to the conclusion that the rule arising from the cases for which Plaintiff cited in his initial briefing concerning telework are inapplicable because the unlawful conduct alleged occurred after Mr. Wyse retired and stopped teleworking.

The Court should accept the conclusion of the persuasive authority for which Mr. Wyse cites (Doc. 13 at 4 (citing *Williams v. Am. Coll. of Ed., Inc.*, No. 16-cv-11746, 2017 WL 2424227, at *3-5 (N.D. Ill. June 5, 2017); *Graham v. Spireon, Inc.*, No. 14-cv-00131, 2014 WL 3714917, at *1-2 (N.D. Ill. July 25, 2014); *Digan v.*

6

*Euro-Am. Brands, LLC*, No. 10-cv-799, 2010 WL 3385476, at *1-3 (N.D. Ill. Aug. 19, 2010)).) Specifically, that Mr. Wyse may rely on his Flexible Work Agreement and location of his telework for the purposes of venue.

Accordingly, the Court should sustain this objection, and find that Mr. Wyse indeed established that he would have worked in this District but for the discrimination and retaliation alleged in this action, and that Mr. Wyse met his burden of showing that venue is appropriate in this Court.

### B.     This Matter Should Remain in this Court for the Convenience of the Parties and in the Interests of Justice.

The Court should refrain from adopting the recommendation to transfer this case to the District of South Carolina. For the reasons addressed *supra*, the Court should find that, regardless of any other appropriate venue, this matter is properly before this Court. Based upon such a finding, the Court need not consider whether transfer is appropriate under 28 U.S.C. § 1406. *See Williams*, 2017 WL 2424227, at *5 (citing *Prestar Fin. Corp. v. Infraegis, Inc.*, NO. SACV 90-899 AG RNBX, 2009 WL 3425348, at *2 (C.D. Cal. Oct. 19, 2009)). Rather, the Court should the convenience factors of 28 U.S.C. § 1404(a), which provides a mechanism for district courts to transfer a civil action to another district where it could have been brought "for the convenience of parties and witnesses and in the interests of justice."

In considering this statute, the Court must consider the following factors:

7

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Redding v. Mayorkas*, 2:22-CV-022, 2023 WL 113050, at *4 (S.D. Ga. Jan. 5, 2023) (quoting *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)). As reflected in the Complaint, this matter involves a relatively small number of potential witnesses who could possibly be inconvenienced. The location of documents should be of little concern as such documents are, or can likely be converted, into their electronic format. It would also not appear that the locus of operative facts would be in any way impacted or impaired by the venue of this case. Moreover, this Court is certainly familiar with the law – Title VII of the Civil Rights Act – governing this action.

Instead, the Court should accord significant weight to the fact that Mr. Wyse chose to file his case in this forum. It should also be noted that Defendant, as an agency of the federal government, has far greater means than one individual, and in particular, Mr. Wyse as he is a retiree. However, this case should remain in this Court primarily because of the convenience of the parties and because, for the following reasons, it is within the interests of justice. Transferring the case to the

8

District of South Carolina would also likely cause Mr. Wyse to lose his choice of counsel. As reflected in the Complaint, this matter involves events that have occurred over a span of several decades, and if that were not enough, it involves a relatively complicated procedures and relationships amongst different federal agencies concerning time and attendance records, leave, retirement and pension, and collection of debts. (*See, e.g.*, Doc. 1, ¶¶ 18-49.) It has taken the undersigned a significant amount of time to not only get up to speed on the background facts, but to understand the aforementioned processes and how they fit into this case. Since the undersigned is not admitted to practice before the District of South Carolina, Mr. Wyse would be forced to either choose new counsel, or have the undersigned associate with a member of that court's bar. Indeed, the Court should give consideration to Mr. Wyse's choice of counsel. *See In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003) (discussing choice of counsel in context of a motion to disqualify). Still, Mr. Wyse would incur additional expense if this case were transferred, even if his choice of attorney were able to continue.

     A transfer of this case would be a great inconvenience to Mr. Wyse personally. As discussed above, a transfer to the District of South Carolina would cause him to incur additional expense. Moreover, Mr. Wyse is of advanced age (*see* Doc. 13 at 6), and he has also been experiencing several significant health concerns, including

having recently suffered a stroke at the same time that he is overcoming cancer. For these reasons, in the event that the case is transferred to another venue, Mr. Wyse would be greatly inconvenienced due to his age and health. It would also be more difficult for Mr. Wyse, as compared to the average person, to find either substitute counsel or local counsel of Mr. Wyse's choosing for which the undersigned may associate.

The Court should give great weight to Mr. Wyse's choice of venue and the relative means of this parties to this action. In addition to the likelihood that transfer would either cause Mr. Wyse to incur additional legal expense and/or lose his choice of counsel, the Court should also find that such a transfer would greatly inconvenience him, due in part to his health and age, and that that such a transfer would not be within the interests of justice. In the event that the Court were to find that this Court is one of multiple, appropriate venues, it should further refrain from a transfer to any other venue.

[*Signature Page Follows*]

Respectfully submitted, this 3rd day of May, 2023.

                                                                                       /s/ Kenneth E. Barton III
                                                                                       KENNETH E. BARTON III
                                                                                       Georgia Bar No. 301171
                                                                                       *Attorney for Plaintiff*

COOPER, BARTON & COOPER, LLP
170 College Street
Macon, Georgia 31201
(478) 841-9007 telephone
(478) 841-9002 facsimile
keb@cooperbarton.com

---

Pursuant to Local Rule 7.1(D), this is to certify that the instant brief complies with Local Rule 5.1 and has been prepared using Times New Roman size 14-point font and does not contain more than 10 characters per inch of type.

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing PLAINTIFF'S OBJECTION TO FINAL REPORT AND RECOMMENDATION to the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to the following counsel of record, who is/are CM/ECF participant(s):

Ryan K. Buchanan, United States Attorney
Holly A. Vance, Assistant United States Attorney
United States Attorney's Office
75 Ted Turner Drive SW
Atlanta, Georgia 30303
holly.a.vance@usdoj.gov
*Attorneys for Defendant*

This 3rd day of May, 2023.

_____
KENNETH E. BARTON III
Georgia Bar No. 301171
*Attorney for Plaintiff*

COOPER, BARTON & COOPER, LLP
170 College Street
Macon, Georgia 31201
(478) 841-9007 telephone
(478) 841-9002 facsimile
keb@cooperbarton.com