IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Wyse, <br><br>        Plaintiff, <br><br> v. <br><br> Jennifer Granholm as Secretary of the Department of Energy, <br><br>        Defendant. | C/A No. 1:23-cv-2484-JFA-SVH <br><br><br> **ORDER** |

## I. INTRODUCTION

Samuel Wyse ("Plaintiff"), now proceeding pro se, brings this civil action against his former employer asserting claims of employment discrimination. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Specifically, the Magistrate Judge performed an initial review of Defendant's motion for judgment on the pleadings. (ECF No. 33).

Upon reviewing the Defendant's motion and all responsive briefing, the Magistrate judge assigned to this action prepared a thorough Report and Recommendation ("Report") and opines that this court should grant Defendant's motion and dismiss Plaintiff's claims with prejudice. (ECF No. 49). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

1

Plaintiff filed objections to the report on January 17, 2024 (ECF No. 55), to which Defendant replied (ECF No. 56). Thus, this matter is ripe for review.[1]

## II.   STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73

---

[1] Plaintiff also filed a sur-reply to Defendant's reply. (ECF No. 57). Because sur-replies are not allowed under this court's rules, this filing will not be considered. However, even if it were considered, it would not change the outcome of this order as it merely restates those arguments previously asserted.

F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion for judgment on the pleadings is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

### III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore, no further recitation is necessary here. (ECF No. 49). In short, Plaintiff has asserted claims of discrimination stemming from errant time and attendance records made in 2011. The Magistrate Judge ultimately determined that Plaintiff's claims are time barred. The Magistrate Judge also held that Plaintiff's Title VII

discrimination claims are barred because they challenged actions occurring only after Plaintiff's retirement.

In response to the Report, Plaintiff has asserted various objections that make wide-ranging demands and largely irrelevant assertions that are unresponsive to the Report. Nevertheless, given Plaintiff's pro se status, the court has attempted to discern specific objections to the Report which are addressed below.

Initially, Plaintiff's filing is littered with demands for various records and proof from Defendant. However, as Defendant notes, the Report adjudicates a motion for judgment on the pleadings. Accordingly, any discovery is irrelevant for purposes of this motion. Additionally, the Magistrate Judge previously stayed discovery pending adjudication of this motion. (ECF No. 34). Moreover, these statements fail to address any portion of the Report, let alone point to any error. Accordingly, Plaintiff's objection, such as it is, is without merit.

Plaintiff next appears to take issue with the Magistrate Judge's determination that his claims are untimely by stating that he "do[es] not feel that [his] EEOC claims are time barred from the court." (ECF No. 55, p. 1). Apart from this bare statement, Plaintiff offers no support or contradiction to the Magistrate Judge's determination that his claims are time barred.

Plaintiff did assert that, "around 2016 or 2017," he "realized that the DOE ha[d] not complied with the orders from [the] EEOC." *Id*. Thereafter, "[i]n July 2019 [he] filed an EEO Complaint." *Id*. He recounts that DOE completed its investigation and that the EEOC issued its final decision in March 2022. *Id*. However, these assertions show no error in the

Report. Plaintiff's Complaint alleges that Defendant subjected him to "adverse employment action[s]" when someone at DOE made "retroactive changes . . . to his time and attendance records and Civilian Leave & Earnings Statements after his retirement" in February 2011. Pursuant to 42 U.S.C. § 2000e-5(e), Plaintiff had 180 days, or until August 2011, to bring an EEO charge. Plaintiff only attempted to file an EEO complaint addressing these retroactive time changes on July 22, 2018—well after the limitations period. Accordingly, the Magistrate Judge correctly concluded that Plaintiff's claims were time barred.

Plaintiff failed to respond or otherwise challenge the Magistrate Judge's determination that Plaintiff's Title VII discrimination claims are subject to dismissal because they concern post-employment actions. Accordingly, that portion of the Report is adopted without further discussion. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff's filing also makes several assertions regarding an apparent attorney's fees dispute he has with his prior counsel of record. However, as noted in the Report, this claim was not included in Plaintiff's complaint and therefore is not properly before the court. Moreover, these assertions are wholly irrelevant in determining whether Defendant is entitled to judgment on the pleadings. Thus, to the extent any of Plaintiff's filings can be construed as an objection to the Magistrate Judge's refusal to address Plaintiff's attorney's fees dispute, they are overruled.

IV. **CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of

5

the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 49). For the reasons discussed above and in the Report, Defendant's motion for judgment on the pleadings (ECF No. 33) is granted and this action is dismissed with prejudice.

IT IS SO ORDERED.

March 12, 2024  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge